IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS HEALTH SYSTEM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | |
| CARE IMPROVEMENT PLUS OF | § | |
| TEXAS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S INDEX OF STATE COURT MATTERS

Defendant, in connection with the removal of this case to the United States District Court for the Southern District of Texas, McAllen Division, file their index of state court matters, pursuant to Local Rule 81, as follows:

| | **State Court Document** | **Date Filed** |
|---|---|---|
| 1. | Docket Sheet | 10/24/14 |
| 2. | Civil Case Information Sheet | 8/28/14 |
| 3. | Plaintiff's Original Petition | 8/28/14 |
| 4. | Civil Process Request | 8/29/14 |
| 5. | Court Letter Regarding Issuance | 8/29/14 |
| 6. | Citation to Care Improvement Plus of Texas Insurance Company | 8/29/14 |
| 7. | Defendants' Original Answer | 10/15/14 |

Exhibit C

Dated: October 24, 2014

Respectfully submitted,

By: s/ Raymond E. Walker

      Andrew G. Jubinsky
      Texas Bar No. 11043000
      Fed. I.D. No. 8603
      andy.jubinsky@figdav.com
      **Attorney-in-Charge**

**Of Counsel:**
Raymond E. Walker
Texas Bar No. 24037663
Fed. I.D. No. 36366
ray.walker@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
901 Main Street
Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on October 24, 2014.

Mason Meyer
mmeyer@sjrm.com
Sullins Johnston Rohrbach & Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027

Austin Tighe
austin@feazell-tighe.com
AP Tighe, P.C.
6618 Sitio Del Rio Blvd., C-101
Austin, Texas 78730

      s/ Raymond E. Walker
      Raymond E. Walker

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back        Location : All Courts

# REGISTER OF ACTIONS
## CASE NO. C-7172-14-J

| | | |
|---|---|---|
| South Texas Health System VS. Care Improvement Plus of Texas Insurance Company | § § § § § | Case Type: **Contract - Other Contract (OCA)**<br>Date Filed: **08/28/2014**<br>Location: **430th District Court** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| **Defendant** | **Care Improvement Plus of Texas Insurance Company** | | Andrew G. Jubinsky<br>*Retained*<br>214-939-2000(W) |
| | | | Andrew G. Jubinsky<br>*Retained*<br>214-939-2000(W) |
| **Plaintiff** | **South Texas Health System** | | **MASON C. MEYER**<br>*Retained*<br>713-521-0221(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 08/28/2014 | **Original Petition (OCA)** | | |
| | *Plaintiff's Original Petition* | | |
| 08/29/2014 | **Citation** | | |
| | *efiled to: ddowing@sjrm env# 2330064* | | |
| | Care Improvement Plus of Texas Insurance Company | Served<br>Returned | 09/26/2014<br>10/07/2014 |
| 08/29/2014 | **Service Issued** | | |
| | *CITATION FOR CARE IMPORVMENT PLUS OF TX. INS. CO.* | | |
| 10/15/2014 | **Answer** | | |
| | *Defendant's Original Answer* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Care Improvement Plus of Texas Insurance Company | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 10/23/2014** | | | **0.00** |
| 10/16/2014 | Transaction Assessment | | | 2.00 |
| 10/16/2014 | EFile Payments from TexFile | Receipt # DC-2014-92649 | Care Improvement Plus of Texas Insurance Company | (2.00) |
| | **Plaintiff** South Texas Health System | | | |
| | Total Financial Assessment | | | 290.00 |
| | Total Payments and Credits | | | 290.00 |
| | **Balance Due as of 10/23/2014** | | | **0.00** |
| 08/28/2014 | Transaction Assessment | | | 281.00 |
| 08/28/2014 | EFile Payments from TexFile | Receipt # DC-2014-79823 | South Texas Health System | (281.00) |
| 09/24/2014 | Transaction Assessment | | | 9.00 |
| 09/24/2014 | Payment | Receipt # DC-2014-86937 | YOUNG, STEPHANIE | (9.00) |

Exhibit 1

CIVIL CASE INFORMATION SHEET

**C-7172-14-J**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **South Texas Health System vs. Care Improvement Plus of Texas Insurance Company**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>**Mason Meyer**<br><br>Address:<br>**3200 Southwest Freeway**<br>**Suite 2000**<br><br>City/State/Zip:<br>**Houston, TX 77027**<br><br>Signature:<br>*Mason Meyer* | Email:<br>**mmeyer@sjrm.com**<br><br>Telephone:<br>**713-521-0221**<br><br>Fax:<br>**713-521-3242**<br><br>State Bar No:<br>**13993825** | Plaintiff(s)/Petitioner(s):<br>**South Texas Health System**<br><br><br>Defendant(s)/Respondent(s):<br>**Care Improvement Plus**<br>**of Texas Insurance Company**<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:_____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br><br>Non-Custodial Parent:<br>_____<br><br>Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☒Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

Exhibit 2

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

NO. _____

| | | |
|---|---|---|
| SOUTH TEXAS HEALTH SYSTEM | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| CARE IMPROVEMENT PLUS | § | |
| OF TEXAS INSURANCE COMPANY | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

The Plaintiff in this lawsuit, SOUTH TEXAS HEALTH SYSTEM, ("Plaintiff" or "STHS") operates numerous hospital facilities in Hidalgo County, Texas, and is a "Preferred Provider" in a managed care contract, which is known as the Care Improvement Plus of Texas Insurance Company Plan ("Care Improvement"). Care Improvement is an insurance company which insures numerous members who have received treatment through the managed care contract between Defendant and the STHS hospital facilities. STHS brings this lawsuit seeking:

A judgment awarding STHS late payment penalties from the Defendant for the amounts Defendant owes to STHS on late paid claims for treating patients who were insured/covered by the managed care contract between STHS and Defendant.

Consequently, this lawsuit involves disputes over late pay penalties which Defendant is obligated to pay to STHS (i.e., a Preferred Provider) due to untimely payment of claims under the applicable managed care contract (i.e., questions about the appropriate penalty for late payments under the contract and in accordance with applicable state laws; as opposed to disputes about whether or not a particular patient,

Exhibit 3

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

service or course of treatment was covered under any insurance policies or health plans (i.e., **not** questions about coverage).

## Discovery

1. Discovery in this cause will be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## Parties

2. Plaintiff operates numerous Texas Hospitals maintaining a regular office and place of business in Hidalgo County, Texas.

3. Defendant Care Improvement Plus of Texas Insurance Company is a Texas company engaged in the business of insurance in the state of Texas; and this Defendant is believed to be doing business in the state of Texas by reason of a certificate of authority from the Texas Department of Insurance (sometimes referred to simply as "TDI"). The registered agent for service of process upon defendant Care Improvement Plus of Texas Insurance Company is C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## Jurisdiction and Venue

4. This Court has jurisdiction to adjudicate and enter the Judgment herein sought; and, therefore, this Court has jurisdiction to award all relief prayed for herein.

5. Venue is proper in Hidalgo County, Texas because Hidalgo County is where all or substantial part of the events or omissions giving rise to Plaintiff's claims occurred, pursuant to §15.002 of V.T.C.A. Civ. PRAC. & Rem. Code; and, specifically, Hidalgo County, Texas is where:

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

   a.  The Plaintiff/Hospital entered into the Network Agreement with Defendant, which established the time frame which the Hospital should have been paid for treating Defendant's insured members;

   b.  The Plaintiff/Hospital provided the health care to Defendant's insured members; and

   c.  Defendant was obligated to make timely payments to the Plaintiff/Hospital for the health care which it provided to Defendant's insured members.

## Agency

6.     Any time it is alleged in this pleading that Defendant did an act or failed to do any act or thing, it is meant that Defendant's authorized apparent or ostensible agents, employees or representatives did such act or failed to do such act or thing, thereby making Defendant liable under the doctrine of respondeat superior.

## Conditions Precedent

7.     All conditions precedent to file this action and recover the relief sought have occurred or are excused; and, specifically, the Plaintiff will show that Defendant has received written notice of these claims, in accordance with:

   a.  Chapters 1301 and 843 of the Texas Insurance Code

   b.  Chapter 38 of the Texas Civil Practices & Remedies Code; and

   c.  All other applicable laws.

8.     Plaintiff will also show that it has exhausted all administrative remedies and applicable appeal requirements provided for in the managed care agreement. Similarly, all attempts to resolve these claims and disputes prior to filing this lawsuit

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

have been exhausted and/or are excused, making this lawsuit necessary in order to seek a judicial adjudication of the disputes and force Defendant to pay the late payment penalties in accordance with the applicable contract and the Texas Prompt Pay statutes.

## Overview of Health Care Industry in Texas

9.      It is customary in the health care industry (the "Industry") for insurance companies, health plans, health maintenance organizations ("HMO"), third party administrators ("TPA"), municipalities and other big employers (collectively referred to, in the Industry, as "Payors") to enter into managed care contracts with hospitals, physicians and other medical providers in order to contractually arrange for hospitals and doctors to provide medical care and hospital services and treatment of individuals who are entitled to health care benefits.   The primary reason the insurance companies, health maintenance organizations and other Payors enter Managed Care Agreements with Medical Providers is to provide networks of hospitals and doctors who contractually agree to admit and care for those individuals who are insured/covered by insurance companies, HMOs, and other Payors ("insured members"), in consideration for promises of:

- Prompt, but discounted, payments of the hospitals' claims for treating those covered individuals; and

- Fair and timely claims processing, in compliance with Texas law, by the insurance companies, health maintenance organizations and other Payors.

These contracts Payors enter into with hospitals (i.e., whereby the hospitals promise to admit and care for covered individuals in consideration for promises of prompt, but discounted, payments of the hospitals' claims), are referred to as "Managed Care Agreements" or "Preferred Provider Agreements" or "Participating Provider

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

Agreements." Furthermore, the hospitals and doctors which/who enter into Preferred

Provider Agreements with Payors are often collectively referred to as "Preferred

Providers" or "Participating Providers"; and it is significant that the *primary* incentive or

consideration motivating these hospitals to enter into such Preferred Provider Agreements

with Payors are the contractual promises and assurances of the insurance companies and

health maintenance organizations of both:

- Prompt, but discounted, payments of the hospitals' claims for treating those insured members of insurance companies and other Payors; and

- Fair and timely claims processing, in compliance with /Texas law, by the insurance companies and other Payors.

10.     At all times material to this lawsuit, SOUTH TEXAS HEALTH SYSTEM owned,

and was licensed by the Texas Department of Health Services to operate (and did operate),

hospitals in Hidalgo County, Texas.

11.     STHS and Defendant have a Managed Care contract, whereby STHS agrees to

treat members of various fully insured plans at a discounted rate that is different than that

normally charged by STHS for its services.

12.     Under the Texas Prompt Pay Act ("TPPA"), Defendant is required to remit

payment to STHS not later than thirty (30) days following the receipt of a bill electronically

submitted by STHS, and not later than forty-five (45) days following the receipt of a bill non-

electronically submitted by Plaintiff.

13.     STHS has identified thousands of claims which were untimely paid by Defendant

under the TPPA, and therefore brings suit against Defendant for these violations of the TPPA,

seeking statutory penalties, statutory interest, attorneys' fees and costs of court.

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

14.     STHS brings suit herein only for those claims paid by Defendant, but paid late. STHS does not bring suit herein for any claims that were denied by Defendant.  There are no issues as to coverage under Defendant's policy.  To the extent that any claims on the spreadsheet provided previously, or to be produced in discovery, includes claim denials, STHS hereby disclaims any intention to seek TPPA recoveries for such claims in the lawsuit.

15.     STHS brings suit solely pursuant to its managed care contract with Defendant and the rights therefore provided under the TPPA.

16.     While STHS obtains an assignment of individual patients' rights against their plan, STHS does not bring suit herein in its capacity as an assignee of the rights of any plan beneficiary.  There are no disputes concerning coverage for plan participants and beneficiaries. The only dispute with Defendant concerns the untimeliness of payments under the TPPA.

### Cause of Action Under the TPPA

17.     STHS alleges that it received payments from Defendant with respect to the claims previously identified to Defendant[1], but that such payments were late under the TPPA.

18.     STHS does not bring suit herein for any claims that were denied by Defendant, and does not make any allegations herein relating to coverage determinations under employer ERISA plans.  Therefore, to the extent that the spreadsheet somehow includes claims allegedly denied by Defendant, STHS hereby disclaims any intention to seek TPPA recoveries for such claims in this lawsuit.

19.     STHS therefore brings suit against Defendant under the Preferred Provider Organization Act found in Chapter 1301 of the Texas Insurance Code, to the extent any

---

[1] Plaintiff previously provided Defendant with a spreadsheet of claims it alleges were not paid timely under the TPPA.  Said spreadsheet contains personal health information of numerous insureds which may be protected under HIPAA.  Accordingly, the spreadsheet will not be made an exhibit to this Petition, but will be available for the Court's in camera review subject to an Agreed Protective Order entered for this case.

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

identified claims fall under this provision, for violations of the TPPA under Tex. Ins. Code §1301.103, seeking statutory penalties and statutory interest pursuant to Tex. Ins. Code §1301.137, attorneys' fees and costs of court pursuant to Tex. Ins. Code §1301.108, in the amounts set forth in the spreadsheet previously provided Defendant which exceeds the total amount of $23,146,482.54.

20.     Further, STHS brings suit against Defendant under the Health Maintenance Organization Act found in Chapter 843 of the Texas Insurance Code, to the extent any identified claims fall under this provision, for violations of the TPPA under Tex. Ins. Code §843.338, seeking statutory penalties and statutory interest pursuant to Tex. Ins. Code §843.342, attorneys' fees and costs of court pursuant to Tex. Ins. Code §843.343, in an amount in excess of $23,146,482.54.

<b>Attorney's Fees</b>

21.     It was necessary for the STHS to retain the services of attorneys licensed to practice law in the state of Texas to represent the Hospitals' legal interests and to protect the Hospitals' rights.  Consequently, STHS hired the law firm of Sullins, Johnston, Rohrbach & Magers and A. D. Tighe, P.C. as its attorneys to investigate the allegations against Defendant and to present its claims for late payment penalties under the TPPA.

22.     Attorneys did perform necessary legal services and investigations and presented Plaintiff's claims for late payment penalties to Defendant.  Defendant failed and refused to respond to Plaintiff's demand for payment, thereby necessitating this lawsuit.

23.     Therefore, STHS seeks to recover the reasonable and customary attorneys' fees for the necessary legal services performed on behalf of STHS.  Plaintiff hereby sues Defendant to recover equitable and just attorneys' fees pursuant to Texas Insurance Code §§ 1301.108 and

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

843.343, and Chapter 38 of the Texas Civil Practice & Remedies Code. In this respect, Plaintiff will show that they have agreed to pay their attorneys' reasonable fees for the necessary legal services they perform on behalf of STHS with respect to the matters made the basis of this lawsuit; and Plaintiff will show that the attorneys' fees for the necessary legal services will, in reasonable probability, be not less than:

- $250,000 for the necessary legal services the attorneys perform on behalf of STHS, through the trial and judgment being entered in this lawsuit;

- An additional $100,000 for the necessary legal services the attorneys perform on behalf of STHS from the conclusion of the trial and entry of judgment up through an opinion being rendered in any Court of Appeal; and

- An additional $100,000 for the necessary legal services the attorneys perform on behalf of STHS, from the date an opinion is rendered in any Court of Appeal up through the conclusion of any Appeal to the Texas Supreme Court.

## Right to Amend

24.     STHS specifically reserves the right to amend these pleadings pursuant to pre-trial discovery, upon order of the Court, or as Plaintiff's attorneys deem appropriate.

## Request for Disclosure

25.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this Original Petition, the information or material described in Rule 194.2.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SOUTH TEXAS HEALTH SYSTEM, requests that Defendant CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY cited to appear and answer; and that, after trial or other hearing on any dispositive motion, Plaintiff have judgment against Defendant for the following:

(a)     A money judgment against Defendant, for:

Electronically Filed
8/28/2014 11:57:29 AM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-7172-14-J**

- All of the Plaintiff's prompt pay penalty damages for Defendant's failure to pay Plaintiff's claims timely;

- Pre-judgment interest on all damages at the highest legal rate;

- Reasonable and customary attorneys' fees, through trial and all levels of appeal, for violations of the TPPA and breach of the Managed Care Agreement, pursuant to Chapters 1301 and 843 of the Texas Insurance Code and Chapter 38 of Texas Civil Practice & Remedies Code;

- All costs of court;

- Post judgment interest at the highest legal rate; and

(b)    Such other and further relief, general or special, legal or equitable, to which Plaintiff is justly entitled.

Respectfully submitted,

SULLINS JOHNSTON ROHRBACH & MAGERS

By: _____
Mason Meyer, TBA #13993825
3200 Southwest Freeway, Suite 2200
Houston, TX 77027
Email: mmeyer@sjrm.com
Tel: 713-521-0221
Fax: 713-521-3242

AP TIGHE, P.C.

By: _____
Austin Tighe, TBA #20023900
6618 Sitio Del Rio Blvd., C-101
Austin, TX 78730
Email: Austin@feazell-tighe.com
Tel: 512-372-8100
Fax: 512-372-8140

ATTORNEYS FOR PLAINTIFF,
SOUTH TEXAS HEALTH SYSTEM

✝ with permission

CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): _____

FILE DATE OF MOTION: _____
                                    Month/        Day/        Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME:   **Care Improvement Plus of Texas Insurance Company**

    ADDRESS: _____

    AGENT, (if applicable): **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX  75201-3136**

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): **citation** - 

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP                          ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- ☐ MAIL                                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
       Type of Publication:  ☐ COURTHOUSE DOOR, or
                             ☐ NEWSPAPER OF YOUR CHOICE:
- ☒ OTHER, explain  **Please forward to attorney for service.**          **Thank you!**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- ☐ ATTORNEY PICK-UP                          ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- ☐ MAIL                                      ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
       Type of Publication:  ☐ COURTHOUSE DOOR, or
                             ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: **Mason Meyer**                          TEXAS BAR NO./ID NO.  **13993825**

MAILING ADDRESS: **3200 Southwest Freeway, Suite 2200, Houston, TX  77027**

PHONE NUMBER: **713**        **521-0221**        FAX NUMBER: **713**        **521-3242**
              area code      phone number                     area code      fax number

EMAIL ADDRESS: **ddowning@sjrm.com**

Page 1 of 2

CIVC108 Revised 9/2/00

Exhibit 4

Electronically Filed
8/29/2014 1:13:15 PM
Hidalgo County District Clerks
Reviewed By: Maribel Ochoa



**Laura Hinojosa**
Hidalgo County
District Clerk

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents needing to be served.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

Laura Hinojosa
Hidalgo County District Clerk

Post Office Box 87

Edinburg, Texas 78540

Telephone (956) 318-2200

Fax (956) 318-2251

districtclerk@co.hidalgo.tx.us

Exhibit 5

**C-7172-14-J**
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Care Improvement Plus of Texas Insurance Company**
**BY SERVING: CT CORPORATION SYSTEM**
**1999 BRYAN STREET, STE. 900**
**DALLAS, TX 75201-3136**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 28th day of August, 2014 and a copy of same accompanies this citation.  The file number and style of said suit being C-7172-14-J, **SOUTH TEXAS HEALTH SYSTEM VS.   CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY**

Said Petition was filed in said court by MASON C. MEYER, 3200 SOUTHWEST FWY SUITE 2200  HOUSTON TX  77027-7533.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 29th day of August, 2014.

LAURA H NOJOS, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

_____

**MARIBEL OCHOA, DEPUTY CLERK**

Exhibit 6

## C-7172-14-J
## OFFICER'S RETURN

Came to hand on _____ of _____, 20_____ at _____ o'clock _____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the petition at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____


_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-7172-14-J**
**430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Care Improvement Plus of Texas Insurance Company**
**BY SERVING: CT CORPORATION SYSTEM**
**1999 BRYAN STREET, STE. 900**
**DALLAS, TX 75201-3136**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 28th day of August, 2014 and a copy of same accompanies this citation. The file number and style of said suit being C-7172-14-J, **SOUTH TEXAS HEALTH SYSTEM VS. CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY**

Said Petition was filed in said court by MASON C. MEYER, 3200 SOUTHWEST FWY SUITE 2200 HOUSTON TX 77027-7533.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 29th day of August, 2014.

LAURA HINOJOSA DISTRICT CLERK
HIDALGO COUNTY, TEXAS

**MARIBEL OCHOA, DEPUTY CLERK**

C-7172-14-J
## OFFICER'S RETURN

Came to hand on _____ of _____, 20_____ at _____ o'clock _____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the petition at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
10/15/2014 5:02:16 PM
Hidalgo County District Clerks
Reviewed By: Sonia Ponce

CAUSE NO. C-7172-14-J

| | | |
|---|---|---|
| SOUTH TEXAS HEALTH SYSTEM, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HIDALGO COUNTY, TEXAS |
| CARE IMPROVEMENT PLUS OF | § | |
| TEXAS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 430TH JUDICIAL DISTRICT |

## DEFENDANT CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant Care Improvement Plus of Texas Insurance Company ("CIP") files its

answer and states:

### GENERAL DENIAL

1.     Subject to such admissions and stipulations as may be made at or before

time of trial, CIP denies generally and specially the material allegations in Plaintiff's

Original Petition, pursuant to Tex. R. Civ. P. 92, and demands strict proof thereof in

accordance with the requirements of the laws of this state.

### RELIEF REQUESTED

2.     CIP requests the following relief:

    (a)     That Plaintiff take nothing by reason of its suit;

    (b)     That CIP be dismissed with its costs; and

    (c)     That CIP have such other and further relief, both general and special,
at law and in equity, to which it may be justly entitled.

Exhibit 7

Electronically Filed
10/15/2014 5:02:16 PM
Hidalgo County District Clerks
Reviewed By: Sonia Ponce

Dated: October 15, 2014                    Respectfully submitted,

By: _____
        Andrew G. Jubinsky
        Texas Bar No. 11043000
        andy.jubinsky@figdav.com
        Raymond E. Walker
        Texas Bar No. 24037663
        ray.walker@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
901 Main Street
Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on October 15, 2014.

Mason Meyer                                         Austin Tighe
mmeyer@sjrm.com                                     austin@feazell-tighe.com
Sullins Johnston Rohrbach & Magers                  AP Tighe, P.C.
3200 Southwest Freeway, Suite 2200                  6618 Sitio Del Rio Blvd., C-101
Houston, Texas 77027                                Austin, Texas 78730

                                    _____
                                      Raymond E. Walker